Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3354

VINCENT DEVERA, JR.,

Petitioner,

v.

SMITHSONIAN INSTITUTION,

Respondent.

Vincent DeVera, Jr., of Oxon Hill, Maryland, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and William F. Ryan, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3354

VINCENT DEVERA, JR.,

Petitioner,

v.

SMITHSONIAN INSTITUTION,

Respondent.

_____

DECIDED:  February 12, 2007

_____

Before LOURIE, PROST, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Vincent DeVera, Jr., petitions this court for review of a decision by the Merit Systems Protection Board ("MSPB" or "Board") dismissing his appeal pursuant to a settlement agreement between Mr. DeVera and the Smithsonian Institution ("Smithsonian").  Because the MSPB correctly dismissed the appeal, we <u>affirm</u>.

## I.  BACKGROUND

Mr. DeVera is employed by the Smithsonian as a guard supervisor.  In March 2003, he was informed of a proposal to start and end guard shifts fifteen minutes earlier than previously scheduled.  In an email to a supervisor, Mr. DeVera complained that the

proposal violated a number of regulations and/or laws and questioned the supervisor's authority to make such a modification to the schedule. In doing so, Mr. DeVera used language the Smithsonian deemed argumentative and condescending. In response, the Smithsonian suspended Mr. DeVera for five days for violating the Smithsonian's policy regarding employees' responsibilities and conduct.

After exhausting his remedies with the Smithsonian's Office of Special Counsel, Mr. DeVera filed an individual-right-of-action appeal with the MSPB alleging his suspension was retaliation for reporting the allegedly illegal schedule change. While awaiting an adjudication on the merits, Mr. DeVera and the Smithsonian entered into a settlement agreement, which, by its own terms, constituted a full and final settlement of all matters that were, or could be, related to Mr. DeVera's employment with the Smithsonian at the time of the settlement, save for a single Equal Employment Opportunity claim Mr. DeVera had previously filed. As part of the agreement, the Smithsonian agreed to pay attorney fees in the amount of $9,000.00 directly to Mr. DeVera's lawyer. Mr. DeVera agreed that he had read the agreement, understood its terms, voluntarily entered into it, and agreed to be bound by its terms. The parties submitted the settlement agreement to the MSPB administrative judge, who approved the settlement and dismissed Mr. DeVera's appeal.

Approximately one month later, however, Mr. DeVera petitioned the Board for review of the administrative judge's decision approving the settlement and dismissing his appeal. Concluding there was no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affected the outcome, the Board denied the petition. Mr. DeVera appeals to this court.

## II. DISCUSSION

Our review of the Board's decision is limited by statute. See 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Id. The petitioner bears the burden of establishing error in the Board's decision. See, e.g., Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

On appeal, Mr. DeVera challenges the enforceability of the settlement agreement. However, there is no record that Mr. DeVera challenged the enforceability of the settlement agreement before the administrative judge. Accordingly, we conclude that he waived his right to challenge its enforceability before the Board and this court. Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998). Even if Mr. DeVera had preserved his challenge for appeal, this court has previously stated that "[t]hose who employ the judicial appellate process to attack a settlement . . . bear a properly heavy burden of proof that the agreement was improperly obtained." Asberry v. U.S. Postal Serv., 692 F.2d 1378, 1380 (Fed. Cir. 1982). "A bare allegation of coercion is not sufficient to set aside the parties' settlement agreement." Tiburzi v. Dep't of Justice, 269 F.3d 1346, 1355 (Fed. Cir. 2001). Instead, the party seeking to set aside the settlement must "make a showing of wrongful conduct necessary to shift the burden of proof on the allegation of . . . coercion." Id.

Before the Board, Mr. DeVera essentially argued that he was induced to settle based upon bad advice from his attorney and an alleged failure by the agency to explain

the scope of the release contained in the settlement agreement. However, Mr. DeVera agreed that he had read the settlement agreement and understood its terms. Moreover, even if true, Mr. DeVera's allegations are insufficient to show that the settlement agreement was involuntary. Id. Accordingly, Mr. DeVera is bound by the settlement agreement and not entitled to any relief.

On appeal, Mr. DeVera also argues that the $9,000 in attorney fees should have been paid to him, rather than his attorney, since he had been paying his attorney directly during the course of his dispute with the Smithsonian. However, the settlement agreement was explicit that the attorney fees be paid directly to Mr. DeVera's attorney. Any fee dispute Mr. DeVera may have with his attorney as a result of the alleged double payment of attorney fees is between Mr. DeVera and his attorney and is not properly the subject of this appeal.

## III. CONCLUSION

Because the Board correctly dismissed Mr. DeVera's appeal pursuant to his settlement agreement with the Smithsonian, the Board's decision is affirmed.

No costs.